**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MARGARET A. PULLEY,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**BARTLETT-COLLINS COMPANY, a division** )<br>**of Indiana Glass, a Lancaster Collins Company;** )<br>**INDIANA GLASS COMPANY; and** )<br>**LANCASTER COLONY COMPANY** )<br>)<br>**Defendants.** )<br>) | **Case No. 06-CV-198-TCK-SAJ** |

**ORDER**

Before the Court is Plaintiff's Motion To Remand (Docket No. 10). Plaintiff filed her Petition for Wrongful Termination of Employment in the District Court of Creek County, Oklahoma, asserting four causes of action: (1) retaliatory discharge for filing a workers' compensation claim, in violation of OKLA. STAT. tit. 85, § 5; (2) termination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12101-12213; (3) termination in violation of Oklahoma anti-discrimination laws, OKLA. STAT. tit. 25, § 1101, *et seq.*; and (4) termination in violation of the ADA based on a "mixed motive" theory. (*See* Petition, Amended Ex. A to Defs.' Notice of Removal, Docket No. 16.) All claims presented arise from Plaintiff's termination.

Defendants removed the case, alleging the existence of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff filed a timely motion to remand, asserting that removal was barred by 28 U.S.C. § 1445(c), which prohibits removal of civil actions arising under state workers' compensation laws. Plaintiff also seeks costs

1

and fees pursuant to 28 U.S.C. § 1447(c).[1]

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *See* 28 U.S.C. § 1441(a). This language is preceded, however, by the caveat "[e]xcept as otherwise expressly provided by Act of Congress." *See id.* Actions arising under state workers' compensation laws are one of four specific types of "non-removable" actions under 28 U.S.C. § 1445. *See* 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workers' compensation laws of such State may not be removed to any district court of the United States."). The Tenth Circuit has determined that a claim for retaliatory discharge in violation of OKLA. STAT. tit. 85, § 5 is a claim "arising under the workmen's compensation laws" of Oklahoma for purposes of 28 U.S.C. § 1445(c). *See Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997). The issue presented is whether Defendants' removal was proper despite the existence of this non-removable claim.

Although not raised by Defendants, the Court must first address whether removal was proper pursuant to 28 U.S.C. § 1447(c), which permits removal of an entire case when a "separate and independent" federal question is joined with an otherwise non-removable state law claim. Based on the face of the Petition, it is clear that all claims presented arise from the same event and that the ADA claims are not "separate and independent" from the claim arising under the workers' compensation law. *See* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3724 ("[C]laims involving common questions and stemming from the same transaction or event do not qualify as separate and independent claims or causes of action

---

[1] The parties did very little research or briefing to assist the Court in deciding the complex procedural issues presented.

under the Supreme Court's formulation."). Therefore, 28 U.S.C. § 1447(c) cannot form the basis of removal in this case. *See generally* Edward Hartnett, *A New Trick from an Old and Abused Dog: Section 1441(c) Lives and Now Permits the Remand of Federal Question Cases*, 63 Fordham L. Rev. 1099, 1150 (1995) [hereinafter *Hartnett*] (explaining that 1441(c) permits removal of the entire case only where the federal claim is "unrelated" to the otherwise non-removable state claim).

Defendants assert diversity jurisdiction as one basis for removal. Courts addressing the question have uniformly held that a claim arising under workers' compensation laws may not be removed to federal court based solely on diversity jurisdiction. *See, e.g., Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1091 (5th Cir. 1991); *Wilson v. Lowe's Home Center, Inc.*, 401 F. Supp.2d 186, 197 (D. Conn. 2005) (holding that "plaintiff's claim under the Workers' Compensation Act prevented removal of the entire action, even though this Court would have had jurisdiction over the action based on diversity of citizenship if it had been filed here initially"). Indeed, Section 1445(c) was enacted by Congress in order to "restrict diversity jurisdiction and to stop the removal of compensation cases which were increasing the already overburdened docket of the federal courts." *Jones*, 931 F.2d at 1091 (citing S. Rep. No. 1830, 85th Cong., 2nd Sess., *reprinted in* 1958 U.S. Code Cong. & Admin. News 3099, 3103-06); *see also Reed v. Heil Co.*, 206 F.3d 1055, 1060 n.3 (11th Cir. 2000) ("Congress passed section 1445(c) as part of a bill that also raised the minimum amount in controversy and imposed other restrictions on diversity jurisdiction."). To the extent Defendants' removal is based on diversity jurisdiction, Section 1445(c) functions to prevent such removal.

The more difficult and unsettled question is whether removal of the case was proper due to the federal question presented by the ADA claims. *See Wilson*, 401 F. Supp.2d at 197 n.13 ("A

3

complicated question, not presented here, is whether § 1445(c) prevents removal of an action when a workers' compensation claim is joined with related federal law claims."). In the absence of guidance from the Tenth Circuit on this question, the Court will follow the Fifth and Eighth Circuits, which have held that Section 1445(c) "prohibits removal of state workers' compensation claims regardless of whether jurisdiction is based on diversity or federal question jurisdiction." *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1118 (5th Cir. 1998) (reversing district court's decision to exercise supplemental jurisdiction over workers' compensation claim and holding that Section 1445(c) "prohibits the removal of any state workers' compensation claims"); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir. 1995) (same); *see also Hummel v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 749 F. Supp. 1023 (D. Haw. 1990) (same). Accordingly, Plaintiff's first cause of action, which arises under Oklahoma's workers' compensation laws, must be remanded to state court.

The Court must now determine whether to remand the entire case or retain the federal claims. This is also a difficult and unsettled question. In *Spearman v. Exxon Coal USA, Incorporated*, 16 F.3d 722, 724 (7th Cir. 1994), the court stated in dicta that the basis of removal, diversity or federal question, was "logically irrelevant to the scope of § 1445(c)" and that "*a case* containing a federal claim may not be removed if it also arises under state workers' compensation law." This statement indicates that an entire case is non-removable due to the presence of a workers' compensation claim and that federal claims must be remanded. In a comprehensive article, one commentator similarly concluded that, where all claims arise from the same facts and therefore 28 U.S.C. § 1447(c) does not apply, remand of the *entire case* is mandated. *See Hartnett*, at 1156-58 (explaining that "[absent § 1441(c), if a defendant removes a case that includes a claim outside the federal court's jurisdiction,

4

the district court is obliged to remand the entire case because § 1441(a) permits removal only if the entire case is within the district court's original jurisdiction" and stating that "parts of cases cannot be removed, only entire cases").

In contrast to this authority, one district court facing identical circumstances as those presented here decided to sever the case, remand the workers' compensation claim, and retain the federal claims. *See Hummel*, 749 F. Supp. at 1030 (holding that the court was "not authorized" to remand the federal claims). Similarly, in *Sherrod*, the Fifth Circuit held that the district court "erred by failing to sever and remand the state workers' compensation claims." *Sherrod*, 132 F.3d at 1119. The Fifth Circuit implied, therefore, that the proper course of action by the district court would have been to sever the case and retain the federal claims. *Cf. Reed*, 206 F.3d at 1061 (concluding that workers' compensation claim must be remanded to state court but then substantively addressing district court's grant of summary judgment on ADA claim).

In *Wilson v. Lowe's Home Center, Incorporated*, 401 F. Supp. 2d 186, 197 n.13 (D. Conn. 2005), the court discussed in dicta the policy considerations associated with remanding or retaining the federal claims. On one hand, the court noted that Congress did not anticipate workers' compensation claims being joined with related federal law claims when it enacted Section 1445(c) and that "federal courts are naturally expected to exercise jurisdiction over actions arising under federal antidiscrimination laws, which were enacted after § 1445(c)." *Id.* On the other hand, "applying sections 1441(a) and 1445(c) to block removal of actions containing workers' compensation claims and related federal question claims would serve the overall purpose of § 1445(c) by preserving the choice-of-forum privilege it provides to plaintiffs who want to be in state court and by reducing the number of cases removed to federal court by local (albeit 'nonresident')

employers." *Id.*

Considering the absence of controlling authority and all relevant policy considerations, the Court concludes that remand of the entire case, including the federal claims, is proper. First, the Court is persuaded that Section 1445(c) must trump federal question jurisdiction where all claims are part of one case or controversy. *See generally Hartnett*, at 1156-58. The Court therefore departs from *Hummel* and *Sherrod* and instead follows the Seventh Circuit's indication in *Spearman* that the entire case is not removable.[2] Second, the Court concludes that relevant policy considerations weigh in favor of remanding all claims joined with a workers' compensation claim. Such considerations include: (1) the interest in avoiding piecemeal litigation of claims, (2) the preference for plaintiff's choice of forum, (3) the state court's general jurisdiction and ability to hear the related federal claim, and (4) the judicial economy that results in adjudicating all related claims in the same forum. The opposite result would force Plaintiff to try two separate cases in different forums arising from the same facts and would result in a waste of judicial resources. Although the Court's conclusion has the undesirable result of eliminating Defendants' right to remove a claim presenting a federal question, the policy considerations of judicial economy and Plaintiff's choice of forum for the entire case outweigh the right to remove the federal claim under these specific circumstances. Accordingly, the Court concludes that retention of the federal claims is improper and that remand of the entire case is mandated by Section 1445(c).

Fees may be awarded to the party forced to file a motion to remand. 28 U.S.C. § 1447(c).

---

[2] In *Suder*, the Tenth Circuit distinguished *Spearman*'s holding that a retaliatory discharge claim did not "arise under" Illinois' workers' compensation laws because the claim's genesis was general tort law rather than a statutory scheme like Oklahoma's. *Suder*, 116 F.3d at 1352. The Tenth Circuit's discussion of *Spearman* does not impact the question presented.

Awarding such fees is within the discretion of the trial court. *See Suder*, 116 F.3d at 1352. No determination of bad faith need be made to justify such an award. *Daleske v. Fairfield Cmtys., Inc.*, 17 F.3d 321, 324-25 (10th Cir. 1994). Whether Defendants "had a legitimate basis for believing" that the case fell within federal court jurisdiction will often guide the Court's discretion. *Id.* at 324; *Hale v. Mastersoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1114 (D. Colo. 2000). Defendants had a legitimate basis for removing the entire case based on the existence of the federal claims. Although the Court ultimately concluded that Defendants' removal was improper, the Court does not find that an award of costs and fees is warranted.

Plaintiff's Motion to Remand (Docket No. 10) is GRANTED, and the entire case is REMANDED to the District Court for Creek County. Plaintiff's request for fees and costs is denied.

**IT IS SO ORDERED THIS 21st DAY OF NOVEMBER 2006.**

*/s/ Terence Kern*

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**